PHELPS (COHEN v.). See Case No. 2,964.

## Case No. 11,075.

### PHELPS v. COMSTOCK.

[4 McLean, 353;[1] 1 Fish. Pat. Rep. 215.]

Circuit Court, D. Indiana. May Term, 1848.

PATENTS—ASSIGNEE'S RIGHT TO RENEWAL.

1. A mere assignment of a part of a patent gives the assignee no interest in the renewal of the patent

[Cited in Jenkins v. Nicolson Pavement Co., Case No. 7,273.]

2. But, when the assignment is special, conveying clearly the intention to give an interest in the renewal of the patent, the assignee will take an interest in the renewal.

[Cited in Hodge v. Hudson River R. Co., Case No. 6,559; Jenkins v. Nicolson Pavement Co., Id. 7,273.]

In equity.

Zebulon Baird, for plaintiff.
Samuel Judah, for defendant.

OPINION OF THE COURT. This is an action for the infringement of a patent right to Zebulon Parker and Austin Parker, of Ohio, "for an improved percussion and reaction water wheel," which letters patent are dated the 19th of October, 1829. The declaration avers "that before the expiration of the term for which the original patent was granted, to wit, the 4th of October, 1843, it was in due form of law extended for the term of seven years from and after the 19th of October, 1843." This is objected to, as on demurrer, on the ground that the extension, by the 18th section of the act of 1836 [5 Stat. 124], a special mode is provided for the extension of a patent, which must be set out at large in the declaration. That it is a special power which must be strictly conformed to. A board is constituted which is required to give notice to persons interested, etc., and if, on examination, they shall find the patentee is entitled to an extension, they will so determine; and the commissioner of patents is required to extend the patent by making a certificate, which with a certificate of the board as to their judgment and opinion, shall be entered on record in the patent office." Is the general averment of an extension in due form of law sufficient? The proof must show that the requisites of the act have been substantially complied with. And this is covered by the general averment. Such an averment, we think, is sufficient. By a reference to the law, which the averment alleges the patentees in the renewal complied with, the defendant is fully informed of its requisites, and what was done by the patentees.

There is also an objection as to the assignments, which by agreement are submitted to the court. Zebulon Parker and Robert McElroy, as administrator of Austin Parker obtained a patent for an improvement, on the original patent, dated 27th June, 1840 [patent No. 1,658]. On the 3d July, 1841, McElroy.

as administrator. assigned to Zebulon Parker all Austin Parker's interest.—"the same to be held and enjoyed by the said Z. Parker, for his own use and behoof. and for the use and behoof of his legal representatives. the terms for which the letters patent are or may be granted for said improvements, as fully and entirely, as the same would have been held and enjoyed by said heirs. had the assignment and sale not been made." On the 22d of February. 1839, Zebulon Parker assigned to George Parker. and to his heirs. the full and exclusive right and privilege of making and using. etc., Z. & A. Parker's patent, etc., for the term of fourteen years. from the 19th October, 1829. And on the 19th of October. 1840, Z. Parker assigned to George Parker "all his right. title, etc., to the patent and improvement, etc., the same to be held and enjoyed by said George Parker, for his own use, etc.. the full end of the term or terms for which letters patent are or may be granted for said improvements, as fully and entirely as the same would have been enjoyed by me had this assignment not been made."

In his objection to these assignments, the counsel refers to [Wilson v. Rousseau] 4 How. [45 U. S.] 687. and says. that he understands that the dissenting judges in that case objected to the decision of a majority, and denied that any right to the extension of the monopoly was intended to pass by the legislature, or could pass to the assignee. The dissenting judges in that case held, that as the renewal of the patent, by the law, was exclusively for the benefit of the patentee, and could only be done, where it was made apparent that he had not been compensated for his ingenuity, expense and labor, a general assignment of a part of the right could not give the assignee any interest in the renewal. That such an interest might be assigned, if the terms of the assignment clearly embraced the renewed patent. And. as conclusively showing the correctness of this position, it is proper to say, according to the decision of a majority of the court. if the whole of the patent had been assigned, there could be no renewal, for the benefit of the patentee. The minority considered that a general assignment of an interest in the patent was limited to the term named in the patent. unless the assignment clearly showed that a greater interest was intended to be given.

It is true. as suggested by the counsel, that the assignment of Zebulon to George Parker, made on the 22d of February, 1839, was for fourteen years from the date of the patent. But the assignment made on the 19th of October, 1840, was an assignment for the patent and improvement. etc.. to be held, etc.. "to the full end of the term or terms for which letters patent are or may be granted for said improvements, as fully and entirely as the same would have been enjoyed by me had this assignment not been made." Here a reference is not only made to the patent

which then., existed. and "to any one that may be granted," clearly embracing any subsequent renewal of the patent, whether it should be under the statute or by act of congress.

We think the assignments, for the purposes of this suit, are sufficient.

[For other cases involving this patent. see Case v. Redfield. Case No. 2,494. and note to Parker v. Hatfield, Case No. 10,736.]